Kyle **KOLLER**, Respondent,

v.

**AMERICAN FAMILY MUTUAL INSURANCE CO.**, Appellant.

No. C6–84–1761.

Court of Appeals of Minnesota.

April 30, 1985.

Sandra E. Butterworth, Michael W. Haag, Donovan, McCarthy, Crassweller & Magie, P.A., Duluth, for appellant.

A. Blake MacDonald, MacDonald, Munger & Downs, Duluth, for respondent.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and LANSING, JJ.

### OPINION

FORSBERG, Judge.

This is an appeal from a judgment of the trial court determining that the respondent is entitled to receive income loss benefits under his no-fault policy until he has been retrained and becomes qualified for employment.

We affirm.

### FACTS

On March 2, 1982 the respondent, Kyle Koller, was injured in an automobile collision, suffering permanent loss of motion in his left wrist and left foot. Koller had been employed as a truck driver prior to the accident.

Koller was insured under policies which provided for payment of disability and income loss benefits, reduced "by income the

injured person would have earned in available appropriate substitute work which he was capable of performing but unreasonably failed to undertake". Another related provision referred to employment for which the insured might "by training become reasonably qualified."

Koller could not return to work as a truck driver, and applied to various schools for retraining in photography or furnace repair. However, when the appellant insurer learned that Koller's doctor had released him to return to work, Koller's income loss benefits were discontinued.

Koller sued, and the trial court found that he was entitled to receive benefits until he could be retrained, but that in any event benefits should cease on December 31, 1984—six months after the insurer had discontinued his benefits. The insurer has appealed.

### ISSUE

Did the trial court err by awarding Koller income loss benefits although he had been released to return to work?

### ANALYSIS

Koller's insurance policy provided that he could not be denied income loss benefits unless he "unreasonably" failed to secure substitute employment or retraining. The trial court concluded that although Koller did not expend extraordinary efforts to obtain retraining, he did indeed make some effort. This conclusion, which implies that Koller's efforts were not unreasonable, is supported by the record.

### DECISION

Affirmed.